■ Robert Muh, Respondent, v. Paul D. Risher, Appellant, et al., Defendant.— Order and judgment (two papers), Supreme Court, New York County, entered April 30, 1974 and May 6, 1974, respectively, granting plaintiff summary judgment in lieu of complaint, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. Appeal from order, Supreme Court, New York County, entered June 13, 1974, denying defendant's motion for reargument, unanimously dismissed as nonappealable, without costs and without disbursements (Sklan v. Sklan, 29 A D 2d 526).

Plaintiff had sued the defendants upon a promissory note evidencing purchase of the shares of stock of plaintiff in Newburger, Loeb & Co., Inc., (Newburger). Membership in the New York Stock Exchange required each member firm to abide by its constitution which required, *inter alia,* consent to arbitration of disputes among members. The transaction in question involved a written agreement whereby plaintiff was to sell defendant Risher and others 200,000 voting common shares of Newburger. The purchase was made by three persons in their individual capacity and was conditioned upon obtaining the necessary approval of the regulatory agencies with jurisdiction over such sales. The agreement also contained an integration clause. The note executed simultaneously and bearing the same date as the agreement provided, *inter alia,* that the purchasers were acting as individuals and Newburger had no liability. There was also a waiver of any defenses, offsets or counterclaims, should an action be instituted by Muh to enforce payment on the note. Only the first installment was paid. The subsequent default resulted in accelerating the full balance due. Neither the sales agreement nor the note contemplated arbitration of disputes between the parties but, to the contrary, contemplated enforcement of their terms by litigation in court. Plaintiff moved for summary judgment in lieu of complaint pursuant to CPLR 3213. The defendant Risher cross-moved to compel arbitration. Special Term granted the motion for summary judgment and denied the cross motion to compel arbitration. Subsequently, the court denied a motion by the defendant Risher for reargument. We would affirm the determination of Special Term. It is beyond cavil that arbitration of controversies can only be performed pursuant to a contractual agreement between the parties (cf. *Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.],* 306 N. Y. 288), and where a specific agreement subsequent to an initial agreement to arbitrate clearly contemplates suit in a court of law rather than arbitration, it should be honored (cf. *Matter of Marchant* v. *Mead Morrison Mfg. Co.,* 252 N. Y. 284; *Sinva* v. *Merrill Lynch, Pierce, Fenner & Smith,* 253 F. Supp. 359). The agreement for the sale at bar included the signing of a promissory note evidencing the obligation of the defendants. The note stated that the obligations attendant upon the note were "solely those of the Buyers *individually*" (emphasis added), and further provided that the makers (defendants) waived "any defenses, offsets or counterclaims in any *action* to enforce this note" (emphasis added). The motion to enforce the note was made by plaintiff as an individual to enforce individual rights. The uniform application of the exchange arbitration rules to any matter however tangentially related to sale of securities is not mandated. A policy of protection of investors' confidence in the working of the stock exchange is not here at stake which might warrant the court to favor arbitration of a dispute as opposed to a court adjudication (cf. *Merrill Lynch, Pierce, Fenner & Smith* v. *Ware,* 414 U. S. 117). Plaintiff is accordingly entitled to summary judgment and should not now be relegated to submit the controversy to arbitration. Concur — Murphy, Tilzer and Lane, JJ.; Nunez, J. P., and Steuer, J., dissent in the following memorandum by Steuer, J.: I believe the cross motion to submit to arbitration should have been granted. The action is upon a promissory note given for the purchase of the plaintiff's stock in Newburger, Loeb & Co., Inc., (Newburger), a stock exchange firm having membership in the New York and American Stock Exchanges. Consent to arbitration is found in the constitutions of these exchanges. Plaintiff was an executive officer of Newburger on the date of the note, February 11, 1972. As such, he was an "allied member" of the New York Stock Exchange and subject to its constitution. Concurrently with the giving of the note plaintiff submitted to the exchange a "notice of termination" of his status as an

allied member. The submission contained this notation: "Mr. Muh will continue in the employ of Newburger, Loeb & Co., Inc. as an officer and as a registered representative. The only modification intended hereby is to notify the exchange of the sale of all of his voting stock in Newburger, Loeb & Co., Inc." Plaintiff continued in his position with Newburger for more than a year thereafter. The record does not contain any provision of the New York Stock Exchange constitution which defines an allied member. Absent that, it is impossible to say that plaintiff was an allied member when the note was executed. Turning now to the constitution and rules of the American Stock Exchange, these require arbitration in the specified instances before the New York Stock Exchange. Who is required to arbitrate and what is arbitrable appear in section 1 of the rules, which, with the elimination of inapplicable provisions, reads: "officers of member corporations shall arbitrate all controversies arising in connection with their business between or among themselves". A controversy arising out of the sale of shares between the said officers certainly appears to arise out of business between themselves. At the instance of either officer it must be arbitrated. As the parties undoubtedly were at all relevant times officers of Newburger, arbitration is mandated.